UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RICKY D. PAUL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-cv-01290 |
| | ) | Judge Trauger |
| [F/N/U] JONES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Ricky D. Paul, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Case Manager Jones, Captain Howell, John Doe, Jane Doe, and Chief Cosby while he was incarcerated at the Trousdale Turner Correctional Facility in Hartsville, Tennessee. (Doc. No. 1.) He also filed an application to proceed in this court without prepaying fees and costs (Doc. No. 2).

### I. Application to Proceed as a Pauper

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, his application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

### II. Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

After the plaintiff was involved in an altercation that required him to be subdued, he was face down on the floor with his hands cuffed behind his back. (Doc. No. 1 at 6.) The plaintiff alleges that Captain Howell, Case Manager Jones, and "one or two other individuals" then repeatedly kicked and hit him on the head, causing cuts to his scalp. (*Id.*) The plaintiff believes one individual had keys in his or her hand. (*Id.*) He alleges that Captain Howell and Chief Cosby "said nothing to the people beating [him]." (*Id.*) He also alleges there is video footage of the beating. (*Id.*) When nurses were "finally called," they said it was "too late for stitches." (*Id.*)

The plaintiff was taken to "the hole," and he was denied food for two meals, clothes for four days, and bedding for three days. (*Id.*) He requests monetary damages and for the court to order the defendants to take anger management classes. (*Id.* at 7.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations

that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

Here, the constitutional deprivations alleged in the complaint arise under the Eighth Amendment. The Eighth Amendment establishes the right for convicted inmates to be free from excessive force by prison officials, and it imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates," ensure that inmates receive adequate medical care, and provide inmates "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (collecting cases). These Eighth Amendment claims have objective and subjective components, *id.* at 834, and the court will address the applicable standards for each claim below.

#### 1. Excessive Force

The plaintiff brings this action against Captain Howell, Case Manager Jones, John Doe, Jane Doe, and Chief Cosby in their individual capacities. (Doc. No. 1 at 2–3.) He alleges that Howell, Jones, and "one or two other individuals" beat him while he was face down on the ground with his hands cuffed behind his back. Although he does not specifically allege as much in the statement of facts, the court infers that the plaintiff named the two Doe Defendants in an attempt to sue the unnamed individuals who allegedly participated in the beating.

3

For the objective component of an excessive force claim under the Eighth Amendment, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (internal citations omitted). The subjective component requires the court to consider whether the force applied by a prison official was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Here, accepting the plaintiff's allegations as true, as the court must at this stage in the proceedings, the court concludes that the plaintiff has stated an excessive-force claim against Defendants Howell, Jones, John Doe, and Jane Doe.

### 2. Failure to Protect

The plaintiff also alleges that Captain Howell and Chief Cosby "said nothing to the people beating [him]." It is unclear whether the plaintiff is alleging that Howell and Cosby failed to intervene during the beating, or failed to admonish the defendants after the beating. In considering both constructions of this allegation, the court will allow the plaintiff to proceed with a claim against Howell and Cosby for failing to intervene during the beating, but not for failing to admonish the defendants after the beating.

The Eighth Amendment's requirement that prison officials "take reasonable measures to guarantee the safety of the inmates" means that a prison official may be liable for failing to prevent another prison official from harming an inmate. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 832). To state a claim under this theory of relief, a prisoner must show that the prison official "acted with 'deliberate indifference' to a substantial risk that [another prison official] would cause [the prisoner] serious harm." *Id.* (collecting cases). The objective component of this claim requires the prisoner to "show that he is incarcerated under conditions

4

posing a substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 834). The subjective component requires the plaintiff to show that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837).

Here, to the extent that the plaintiff is alleging that Howell and Cosby failed to intervene during the beating, the plaintiff has satisfied the objective component of this claim. *Id.* (holding that an allegation of "being beaten without cause by a prison guard[] is sufficiently serious to fulfill the objective component"). Further, liberally construing the complaint in the plaintiff's favor, he has satisfied the subjective component of this claim as well. The allegation that Howell and Cosby were present at the scene of the beating reflects that they knew the plaintiff faced an excessive risk to his health, and their alleged failure to intervene reflects that they disregarded that risk. Indeed, as stated above, the plaintiff alleges elsewhere that Captain Howell actively participated in the beating. Accordingly, the court concludes that the plaintiff has stated a failure-to-protect claim against Defendants Howell and Cosby.

To the extent that the plaintiff is alleging that Captain Howell and Chief Cosby failed to admonish prison officials after the beating, however, the plaintiff fails to state a claim. "[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). "Consequently, a mere failure to act will not suffice to establish supervisory liability." *Id.* "[S]upervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Id.* at 241–42 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Here, the plaintiff's bare allegation that Howell and Cosby did not discipline prison officials after the beating is not, by itself, sufficient to demonstrate that they actively violated his constitutional

5

rights. *See Hocker v. Pikeville City Police Dep't*, 738 F.3d 150, 156 (6th Cir. 2013) (quoting *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992)) ("In a § 1983 case, 'the issue is whether [the defendants] violated the Constitution, not whether [they] should be disciplined.").

### 3. Inadequate Medical Care

The plaintiff also alleges that nurses told him it was "too late for stitches" when they were "finally called" after the beating. The court liberally construes this allegation as asserting a violation of the Eighth Amendment for failure to provide adequate medical care. The objective component of this claim "requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, even assuming that the plaintiff's alleged scalp lacerations were sufficiently serious to satisfy the objective component, the plaintiff fails to state a claim because he has not satisfied the subjective component of this claim. This component requires a plaintiff to allege that each "specific [defendant] was aware of facts from which he or she could infer a substantial risk of serious harm." *Winkler*, 893 F.3d at 891. Because the plaintiff does not identify how any of the defendants were involved in the alleged delay of medical treatment, he fails to state a claim for denial of adequate medical care.

### 4. Conditions of Confinement

The plaintiff alleges that, after the beating, he was taken to "the hole" and denied food for two meals, clothes for four days, and bedding for three days. The objective component of an Eighth

6

Amendment claim for failure to provide humane conditions of confinement "requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." *Id.* (citing *Farmer*, 511 U.S. at 834).

Here, the plaintiff fails to state a conditions-of-confinement claim because his alleged deprivations were not objectively inhumane. The alleged deprivations lasted four days at most. In general, "[a]llegations of temporary inconveniences are insufficient to state a claim." *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2011)). Further, the plaintiff does not allege that he suffered an injury due to the alleged deprivations. Thus, the denial of two meals, bedding for three days, and clothing for four days was not so serious as to deny the plaintiff the minimal civilized measure of life's necessities. *See Richmond*, 450 F. App'x at 456 (citing *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982)) ("[W]ithholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition."); *id.* at 455 (collecting cases) ("[T]he deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment.").

### 5. Official-Capacity Claims

The plaintiff also brings this action against Captain Howell and Chief Cosby in their official capacities. Howell and Cosby are employed at the Trousdale Turner Correctional Center, (Doc. No. 1 at 2–3), and "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*,

473 U.S. 159, 165 (1985)). The court takes judicial notice that CoreCivic is a private entity contracted to manage Trousdale Turner.[1] Thus, the court construes the plaintiff's official-capacity claims against Howell and Cosby as claims against CoreCivic.

Because CoreCivic "perform[s] the 'traditional state function' of operating a prison," it is subject to suit under Section 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (quoting *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993)). But CoreCivic "may be liable under [Section] 1983 only if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014) (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2006)). Here, the plaintiff does not allege that the beating he suffered was due to a policy or custom of CoreCivic. Accordingly, the plaintiff fails to state a claim against CoreCivic, and his official-capacity claims against Howell and Cosby will be dismissed.

## III.  Conclusion

For these reasons, the plaintiff's individual-capacity excessive force claim against Defendants Howell, Jones, John Doe, and Jane Doe will be referred to the Magistrate Judge for further proceedings consistent with the accompanying order, as will the plaintiff's failure-to-protect claim against Defendants Howell and Cosby in their individual capacities. All other claims will be dismissed.

ENTER this 28th day of January 2019.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] The court "may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)). The website for the Tennessee Department of Correction reflects that CoreCivic is the private entity that manages Trousdale Turner. Trousdale Turner Correctional Center, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center (last visited Jan. 25, 2019).