IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICKY D. PAUL | ) | |
| | ) | |
| v. | ) | NO: 3:18-01290 |
| | ) | |
| RONELL JONES, et al. | ) | |

**TO:  Honorable Aleta A. Trauger, District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 28, 2019 (Docket Entry No. 9), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the Motion for Summary Judgment (Docket Entry No. 36) filed by Defendants Shane Cosby, Justin Howell, and Ronell Jones. Plaintiff has responded in opposition to the motion. *See* Docket Entry Nos. 47-49. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

Ricky D. Paul ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Bledsoe Creek Correctional Complex in Pikeville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on November 14, 2018, based upon events that occurred at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, where he

was previously confined. Plaintiff brings claims for damages under 42 U.S.C. § 1983 against three TTCC employees - Case Manager Ronell Jones ("Jones"), Captain Justin Howell ("Howell"), and Chief Shane Cosby ("Cosby") - based on allegations that they violated his federal constitutional rights.

Specifically, Plaintiff asserts that he was involved in an incident on September 6, 2018, during which he had to be restrained. *See* Complaint (Docket Entry No. 1) at 6.[1] He alleges that Howell, Jones, and "one or two other individuals" beat him on the head and repeatedly kicked him after he was laying face down on the floor with his hands in restraints behind his back. *Id*. He further alleges that Howell and Cosby "said nothing" to the people who were assaulting him. *Id*. Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff asserted individual-capacity claims against Howell, Jones, and the unidentified individuals for using unconstitutionally excessive force and individual-capacity claims against Howell and Cosby for failing to protect Plaintiff during the incident. *See* January 28, 2019, Order at 2. All other claims alleged by Plaintiff were dismissed.

Howell, Cosby, and Jones (hereinafter referred to collectively as "Defendants") filed an answer to the complaint and a scheduling order was entered setting out deadlines for pretrial activity in the case. *See* Docket Entry Nos. 25 and 27. To date, Plaintiff has not identified the unnamed individuals for his excessive force claim, and process has not been issued to them.

---

[1] Although Plaintiff does not state in his complaint when the incident occurred, the summary judgment materials submitted by both parties show that the incident occurred on September 6, 2018. *See* Defendants' Statement of Undisputed Material Facts (Docket Entry No. 43) and Plaintiff's Declaration (Docket Entry No. 48) at 2-3.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They support their motion with a Memorandum (Docket Entry No. 37), a Statement of Undisputed Material Facts (Docket Entry No. 43), and the declarations of Lybrunca[2] Cockrell, a TTCC employee who oversees the grievance process (Docket Entry No. 38), Defendant Cosby (Docket Entry No. 39), Defendant Howell (Docket Entry No. 40), Defendant Jones (Docket Entry No. 41), and Latanya Moore, a nurse at the TTCC (Docket Entry No. 42).

Defendants make three arguments for summary judgment. First, they assert that Plaintiff did not file a prison grievance about the incident as he was permitted to do by the prison grievance policy and, thus, his claims are subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, because of his failure to exhaust administrative remedies. *See* Memorandum at 4-7. Second, Defendants assert that the undisputed evidence shows that Plaintiff physically assaulted Defendant Cosby without provocation on September 6, 2018 by grabbing him around the neck and wrestling with him. Defendants assert that other prison officials, including Defendants Howell and Jones, had to use a certain measure of force in order to stop the assault and restrain Plaintiff, who they contend ignored commands to stop resisting and was violent and threatening during the incident. Defendants deny using excessive force as alleged and argue that there is no evidentiary support for Plaintiff's claims. *Id*. at 7-11. Finally, while Defendants acknowledge that Plaintiff suffered some bruises and cuts as a result of the incident, they argue that these injuries are *de minimis* and, thus, Plaintiff cannot sustain a claim in light of the PLRA's

---

[2] Although the declaration contains a typewritten spelling of the declarant's name as "Lybranca," the Court notes that the declarant signed her name as "Lybrunca" and that a subsequent declaration from her states that her name is "Lybrunca." *See* Docket Entry No. 54.

requirement that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *Id*. at 11-12.

In response to the motion, Plaintiff disputes each of Defendants' arguments. *See* Plaintiff's Brief (Docket Entry No. 47) and Declaration (Docket Entry No. 48). With respect to the PLRA exhaustion defense, Plaintiff asserts that he filed a grievance on September 8, 2018, but that it was returned to him on September 21, 2018, with an Inappropriate Grievance Notification form because the grievance contained an incorrect date. He asserts that he corrected the grievance and "sent it back as an appeal on September 28, 2018," but that it was again returned to him, this time without the three carbon paper, colored copies of the grievance that are part of the original grievance form and with a highlighted statement on the notification form that the grievance should not address multiple issues. *See* Brief at 2. Plaintiff asserts that, although he assumed that the grievance was being sent to the next level because the three copies of the grievance had been removed, he received no further response to the grievance. *Id*.; Declaration at 1. Plaintiff attaches to his declaration a copy of the grievance and notification form. *See* Docket Entry No. 48-1.

With respect to Defendants' remaining two arguments, Plaintiff contends that genuine issues of material fact exist concerning his Eighth Amendment claims and that the undisputed evidence shows that he suffered scalp lacerations and abrasions that were not *de minimis*. In his declaration, Plaintiff declares that: (1) Defendant Cosby caused the confrontation by calling Plaintiff a "weak inmate" in front of other inmates, which prompted Plaintiff to grab Defendant Cosby; (2) that Defendant Jones and officer Roach hit and kicked him after he was restrained with handcuffs and

4

laying on the floor; and, (3) Defendant Howell and Cosby "did nothing while he was being beaten." *See* Declaration at 2-3.

In a reply to Plaintiff's response, Defendants first contend that Plaintiff has not responded to their Statement of Undisputed Material Facts and that the facts contained therein should be deemed undisputed pursuant to the Federal Rules of Civil Procedure and the Middle District's Local Rules because of Plaintiff's failure to respond. *See* Reply (Docket Entry No. 52) at 1-3. Defendants next dispute Plaintiff's factual account of filing a grievance. Through a second declaration of Lybrunca Cockrell (Docket Entry No. 54), they contend no grievance was filed by Plaintiff about the incident and that Plaintiff has submitted to the Court an altered document in support of his declaration that he filed a grievance, had it returned to him twice, and filed the grievance a second time as an appeal. *Id*. at 3-6. Finally, Defendants point out that, despite bringing his excessive use of force claim against Defendant Howell, Plaintiff declares in his declaration that only Defendant Jones and Officer Roach hit and kicked him. *Id*. at 5.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. ANALYSIS

A. Plaintiff's Failure to Respond to Defendants' Statement of Undisputed Facts

Defendants are correct that Plaintiff failed to make a specific response to Defendants' Statement of Undisputed Material Facts, as is required by Local Rule 56.01(c).[3] Defendants are also correct that Local Rule 56.01(f) states that Defendants' asserted facts are to be deemed undisputed for the purposes of the summary judgment motion because of Plaintiff's failure to make such a response.

---

[3] Plaintiff did, however, file a separate statement of disputed factual issues. *See* Docket Entry No. 49.

Nonetheless, it is apparent that Plaintiff disputes many of the factual allegations made by Defendants, and he has submitted into the record his own declaration as evidence in support of his position. Clearly, Plaintiff has attempted to point out the factual discrepancies upon which he relies in his opposition to the motion for summary judgment. Given Plaintiff's *pro se* status and the steps he has taken to bring to the Court's attention the factual matters that he believes are disputed, the Court declines to find that any facts should be deemed undisputed because of Plaintiff's failure to specifically respond to Defendants' statement of undisputed material facts.

B.  Failure to Exhaust

Defendants' failure to exhaust defense has merit and warrants granting summary judgment in their favor on Plaintiff's two claims.

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner bringing a lawsuit under 42 U.S.C. § 1983 with respect to prison conditions, including claims of excessive force, must exhaust all available administrative remedies before filing the lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Satisfying the exhaustion requirement is mandatory. *Ross v. Blake*, _U.S._, 136 S. Ct. 1850, 1856 (2016).

The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the

7

defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendants set forth evidence that a three level grievance procedure exists for inmates at the TTCC that allows inmates to file a grievance for issues relating to their conditions of confinement (First Level) and then, if not satisfied with the initial response, to file an appeal to the warden (Second Level) and a final appeal to the TDOC deputy commissioner (Third Level). *See* TDOC Inmate Grievance Procedures Policy § 501.01 (Docket Entry No. 38-1). Defendants also set forth evidence that there is no record of Plaintiff filing a grievance about the incident on September 6, 2018. *See* Declaration of Cockrell at ¶¶ 3-5. In the face of Defendants' affirmative evidence of his failure to satisfy the exhaustion requirement, Plaintiff must present "significant probative evidence" showing his compliance with the PLRA. *See Napier*, *supra*.

To rebut Defendants' defense, Plaintiff argues that he attempted to pursue the administrative grievance process by filing a grievance and then a grievance appeal but that prison officials did not respond to his grievance. Plaintiff supports his rebuttal with his own declaration and with the grievance he alleged he filed and the Inappropriate Grievance Notification form that he asserts he received. Defendants' counter this rebuttal with what is essentially an argument that Plaintiff has made up his assertion of pursuing a grievance and that he falsified the grievance documents that he has provided to the Court.

Clearly, a factual issue exists about whether Plaintiff actually pursued a grievance as he alleges. While Defendants raise reasonable questions about the authenticity of the grievance forms that Plaintiff filed with his declaration, *see* Defendants' Reply at 4, the Court cannot, in the stance

8

of reviewing the summary judgment motion, make the type of credibility and factual determinations necessary to resolve this factual issue. Accordingly, for the purposes of resolving the motion for summary judgment, the Court takes as true Plaintiff's assertion that he filed a grievance about the incident and also resubmitted his grievance as an appeal upon the grievance being returned to him as inappropriate. Nonetheless, there are still significant shortcomings with Plaintiff's grievance filing that render the grievance insufficient to satisfy the PLRA's exhaustion requirement.

First, the substance of Plaintiff's grievance addressed only the use of excessive force by prison officers. Nowhere in his grievance does he generally raise the issue of prison officials failing to protect him during the incident or make any specific allegations that Defendants Cosby and Howell failed to protect him. The purpose of the exhaustion requirement is to provide "fair notice of ... alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (quotation marks and citation omitted), *abrogated on other grounds by Jones*, 549 U.S. at 219. Therefore, the issues a prisoner plaintiff may raise in his lawsuit "are limited to the specific issues raised ... in his grievance." *Vandiver v. Martin*, 48 Fed.App'x 517, 519 (6th Cir. 2002). The absence in Plaintiff's grievance of any allegations that prison officials failed to protect him renders the grievance insufficient to satisfy the exhaustion requirement for his failure to protect claim. *See Vandiver*, *supra*; *Ford v. Martin*, 49 Fed.App'x 584, 585 (6th Cir. 2002) (finding failure to exhaust when the issues in the "grievances did not raise the same issues as those asserted in the ... complaint"). Accordingly, the failure to protect claim against Defendants Cosby and Howell must be dismissed for lack of exhaustion under the PLRA.

Second, even if the Court accepts as true, for the purpose of resolving the summary judgment motion, that (1) Plaintiff initially filed his grievance, (2) he filed the grievance again "as an appeal" in response to having it returned to him without the carbon paper copies attached to it, and (3) he never received a response from prison officials to his grievance or grievance appeal, Plaintiff still failed to pursue the grievance to the third and final step of the grievance process. To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

The grievance policy specifically provides inmates with an available avenue to continue the grievance process even if they are not provided with a timely response. *See* TDOC Policy #501.01(D) ("if a time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage of the process, unless the inmate agrees in writing to a fixed extension of the time limit for response."). Thus, when Plaintiff did not receive a response to his "appealed" grievance,[4] he still had a remedy under the TDOC grievance policy to advance the grievance to the Third Level. His failure to pursue this remedy forecloses any argument by him that the prison officials' failure to respond to his grievance rendered the grievance process unavailable or that he effectively satisfied the PLRA's exhaustion requirement. *See Belser v. Woods*, 2018 WL 6167330 at *2 (6th Cir. July 6, 2018) (holding that inmate's allegation that grievance coordinator would not respond to his appeals was insufficient to render grievance process unavailable where regulation permitted inmate to proceed to the next step when no timely response to grievance was given); *Pool v. Klenz*, 2018 WL 1989637 at *3 (6th Cir. Jan. 17, 2018) (prison inmate who alleged

---

[4] TDOC Policy #501.01(VI)(C)(2) provides for a maximum time period of approximately 22 days for prison officials to provide a response to a Second Level appeal. *See* Docket Entry No. 38-1 at 3.

that prison official did not respond to his grievance filings failed to demonstrate that the grievance process was not available because the applicable grievance procedure provided for steps the inmate should have taken in the absence of a response that would have allowed him to continue the process); *Gilmore v. Ormond*, 2019 WL 943392 at *4 (E.D.Ky. Feb. 26, 2019) (prisoner, who alleged that prison officials refused to process his grievance, failed to show exhaustion because he was entitled to appeal if no timely response was forthcoming).[5] Accordingly, Plaintiff has not shown that he attempted to pursue his grievance through the full grievance process. For this reason, his claims must be dismissed for lack of exhaustion under the PLRA.

C. Defendants' Alternative Arguments For Summary Judgment

Because Defendants' PLRA exhaustion defense is a complete defense to all claims raised by Plaintiff, it is not necessary to address at this time Defendants' alternative arguments for summary judgment.

**RECOMMENDATION**

Based on the forgoing, it is respectfully RECOMMENDED that the Motion for Summary Judgment (Docket Entry No. 36) filed by Defendants Shane Cosby, Justin Howell, and Ronell Jones

---

[5] Plaintiff's ability to continue to proceed through the third level of the grievance process even when prison officials did not provide him with a timely grievance response distinguishes this case from *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). In *Boyd*, the Sixth Circuit found that an inmate satisfied the exhaustion requirement under the PLRA because prison officials had not timely responded to his grievance. However, the inmate in *Boyd* did not have the ability to pursue an administrative grievance appeal under the applicable grievance process until he received a response to his initial grievance. 380 F.3d at 996.

11

be GRANTED with respect to the PLRA failure to exhaust defense and that this lawsuit be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge